IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MICHAEL KELLEY,

    Plaintiff,

v.   C.A. No.

EXECUNET, INC.,

    Defendant.

## COMPLAINT

Plaintiff Michael Kelley ("Plaintiff") sues Defendant ExecuNet, Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1.    Plaintiff is an individual who is a citizen of the State of California residing in the State of California.

2.    Defendant is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at 27D Signal Road, Stamford, CT 06902. Defendant's agent for service of process is Mark M. Anderson, 27D Signal Road, Stamford, CT 06902.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    This Court has personal jurisdiction over Defendant because it has maintained

sufficient minimum contacts with Connecticut such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A Defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the Defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

### I. Plaintiff's Business

6. Plaintiff is an accomplished professional photographer who specializes in architectural photography.

7. In 2016, Plaintiff founded the Architectural Photography Almanac (https://apalmanac.com/), a resource for architecture photographers and those in the architecture industry seeking to learn about the craft and theory of architecture photography.

8. Plaintiff's clients include Tesla Motors, FedEx, Discovery Networks, HGTV, Herman Miller, MAD Architects, and many others.

9. Plaintiff's work is highly sought after and has been exhibited in numerous art galleries/museums around the world.

### II. The Work at Issue in this Lawsuit

10. In 2019, Plaintiff created a professional photograph of dozens of airborne flights at London Heathrow airport titled "London_Heathrow_09L_(100__50__40)" (the "Work"). A copy of the Work is displayed below:



11. The Work was registered by Plaintiff with the Register of Copyrights on December 6, 2016 and was assigned Registration No. VA 2-024-076. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

12. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## II. Defendant's Unlawful Activities

13. Defendant is an executive career services organization where company leaders can obtain support with making a corporate decision.

14. Defendant advertises/markets its business primarily through its website (https://www.execunet.com/?its=6520204e393d4), social media (https://www.linkedin.com/company/execunet/ and https://twitter.com/ExecuNet), and other forms of advertising.

15. On or about October 26, 2018 (after Plaintiff's above-referenced copyright registration of the Work), Defendant published the Work on its website (at https://www.execunet.com/flight-confirmation/):



(http://media.execunet.com/m/planes-crashing.jpg):



16. A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

17. Defendant is not and has never been licensed to use, display, or distribute any of the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection

with its business or for any other purpose.

18. Defendant utilized the Work for commercial use.

19. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

20. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work on October 29, 2020. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of his Work.

21. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 as set forth above.

23. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

24. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

25. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution to various third parties, and public display of the Work on its website.

26. Defendant reproduced, distributed, and publicly displayed the Work without

authorization from Plaintiff.

27. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

28. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2023 ExecuNet — All Rights Reserved"), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography is not generally available for free or that such can simply be copied from the internet.

29. Defendant's willfulness is further demonstrated by the fact that Defendant has

refused and/or failed to remove the Work from its website (http://media.execunet.com/m/planes-crashing.jpg) notwithstanding at least nine (9) communications sent to Defendant (via email) notifying it of the infringement and demanding that the Work be removed from Defendant's website. See, e.g. Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action – reflected in his refusal to talk to Plaintiff, to remove the photographs promptly from the website, and to respond to this suit – supported a finding of willfulness under 17 U.S.C. § 504©(2)."); Schwabel v. HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS 171820, at *10 n.8 (M.D. Fla. Sep. 6, 2018) ("Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful."). The willfulness of Defendant's infringement is further demonstrated by Defendant's inclusion on its website of a copyright notice ("© 2023 ExecuNet — All Rights Reserved"), indicating Defendant understands the importance of copyright protection/intellectual property rights and falsely represented all content thereon as its own. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage;

<u>John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.</u>, Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). As of the date of this filing, the Work is still published on Defendant's website.

30. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

31. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

32. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

33. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

34. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

>
> PLAINTIFF,
> MICHAEL KELLEY,
> By & through his attorney,
>
>
> /s/     Chip Muller
> Chip Muller, Esq. (# 429345)
> Muller Law, LLC
> 47 Wood Avenue
> Barrington RI 02806
> (401) 256-5171
> chip@mullerlaw.com

Dated:  October 17, 2023.